IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NORTHERN TRUST COMPANY and )
CASUALTY COMPANY OF READING, )
PENNSYLVANIA, )
)
             Plaintiffs, )
)
      vs. )    No. 05 C 3370
)
MS SECURITIES SERVICES, INC., et al., )
)
            Defendants. )

## MEMORANDUM OPINION AND ORDER

Defendants Bear Sterns and Company, Inc., and Bear, Stearns Securities Corporation ("Bear") move this court to deem it admitted by plaintiffs The Northern Trust Company and American Casualty Company ("NT"), that the Pension Trusts were not the shareholders of record on the record date of QFV shares borrowed by Bear during the years 1991-1995. Defendants argue that plaintiffs failed to properly admit, deny, or explain why they truthfully could not admit or deny this allegation and, therefore, it should be deemed admitted pursuant to Rule 36 of the Federal Rules of Civil Procedure. Plaintiffs argue that the motion should be denied because defendants failed to conduct a telephonic or in-person conference prior to filing, as required by the local rules, and because plaintiffs have proposed an amended response which, they say, would alleviate defendants' concerns.

We agree with defendants that neither plaintiffs' initial response, nor its proposed amended response adequately admits, denies or explains why it cannot admit or deny the allegation set forth in the request.[1] We further agree with defendants that the newly-

---

[1] Plaintiffs' initial response to defendants' request to admit that the Pension Trusts was not the shareholder of record of the QFV shares on the record date stated:

raised objections in plaintiffs' amended response cannot stand because they are not timely. *See* Wagner v. St. Pau Fire & Marine Ins. Co., 238 F.R.D. 418, 423 (N.D. Va. 2006).

However, we also agree with plaintiffs that this motion may have been avoided had defendants complied with the requirements of Local Rule 37.2, which requires parties to conduct either a telephonic or in-person conference on all discovery disputes before raising those issues with the court, in an effort to avert unnecessary motions practice. As plaintiffs point out, this is the second time defendants have brought a discovery motion to this court without first following the requirements of Rule 37.2, and defendants' attempt to shift the blame to plaintiffs by reciting the language of plaintiffs' June 6, 2007 letter in unavailing.[2]

Furthermore, we find that plaintiffs have justifiable concerns regarding the admission or denial of Request 16. Plaintiffs are currently in litigation with the IRS regarding the same transactions. (*See* Case No. 98 C 7272). While an order has been entered in that case, that order is not final and is subject to reconsideration, modification, or vacatur, either based on

---

> Northern Trust admits that the IRS took the position that the Pension Trusts were not shareholders of record for the Borrowed QFV Shares as of the Record Date in the years 1991-1995 and that Northern Trust has repaid the refund amounts for that period. Northern Trust denies that there has ever been a judicial determination that the Pension Trusts were not shareholders of record for the Borrowed QFV shares as of the Record Date during the period 1991-1995.

NT's amended response states:

> Northern Trust objects to Request No. 16 as not reasonably related to the discovery of admissible evidence pertaining to the claims or defenses of the parties as required by Fed. R. Civ. P. 36(a) and 26(b)(1). Subject to the foregoing objections, Northern Trust states that only for purposes of the above-captioned action, Northern Trust does not contend that it was the "shareholder of record" of the borrowed QFV shares and understands that this response may constitute a deemed admission for purposes of the above-captioned action.

[2] The language that defendants cite states that NT "will be happy to address the issue [of the sufficiency of Request 16] with the Court, if necessary, at an appropriate time." This statement was in response to defendants' letter of May 31, 2007, which stated, "You have made clear that NT has no intentions of properly answering Request 16. Because you have failed to make a proper denial, we will treat the request as admitted, and believe that the Court will do the same."

newly discovered information or developments in this and/or other related cases. (*Id.*, dkt. 69 and 76). While plaintiffs concede that an admission that they were not the shareholders of record would make no appreciable difference in the instant case, they are rightfully concerned since such an admission could be used as evidence (though not as a judicial admission) in the IRS litigation. Kohler v. Leslie Hindman, Inc., 80 F.3d 1181, 1185 (7th Cir. 1996). But plaintiffs' proposed amended response, while attempting to protect plaintiffs from an adverse effect on their other litigation, does not adequately respond to the request for purposes of Rule 36.

Therefore, in light of the foregoing considerations, we deem it admitted, for purposes of this litigation only, and not for any other purpose, evidentiary or otherwise, that the Pension Trusts were not the shareholders of record of the borrowed QFV shares for the years 1991-1995. This compromise addresses both plaintiffs' and defendants' concerns. Defendants' motion is granted.

JAMES B. MORAN
Senior Judge, U. S. District Court

July 19, 2006.